United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCUS D. WILSON,

Petitioner,

v.

JOSEPH MCGRATH, Warden,

Respondent.

/

No. C 99-02868 CRB

**ORDER**

Petitioner, a state prisoner lawfully in custody of respondent, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. section 2254. Now before the Court are two motions filed by respondent: a motion to dismiss the petition for writ of habeas corpus as a mixed petition and a motion for discovery. Petitioner has opposed the motion to dismiss but has not responded to the motion for discovery. After carefully considering the parties' briefs and the relevant case law, the Court hereby DENIES respondent's motion to dismiss and DISMISSES without prejudice the motion for discovery.

**DISCUSSION**

Petitioner, who plead guilty to first degree murder and being a convicted felon in possession of a firearm, was sentenced to 33 years to life by the Santa Clara County Superior Court on October 4, 1994. Petitioner has filed an amended petition for writ of habeas corpus in this Court, claiming that he suffered from ineffective assistance of trial counsel in violation of the Sixth Amendment. Respondent has filed a motion to dismiss the petition as a

United States District Court
For the Northern District of California

mixed petition, arguing that one of six allegations of ineffective assistance of counsel was not exhausted in state court.

Respondent misinterprets petitioner's allegation. As respondent acknowledges, petitioner alleges that his representation was ineffective because, in part, "[c]ounsel failed to investigate and file a motion to suppress petitioner's statements taken in violation of his Miranda right to counsel." Resp. Mot at 3. Respondent contends that petitioner never argued in state court that he was denied his right to counsel under Miranda. Id. at 4. Yet petitioner is not making a Fifth Amendment right to counsel argument under Miranda. Rather, his Sixth Amendment ineffective assistance of counsel argument includes a failure by trial counsel to investigate a potential Miranda right to counsel violation. An inquiry into Fifth Amendment right to counsel violations could potentially be relevant at a later date in the context of a harmless error analysis, but the crux of petitioner's argument does not include a *claim* of a Fifth Amendment violation. His only allegations arise out of a Sixth Amendment claim. Viewing petitioner's arguments in state court in a generous manner because of his *pro se* status at all relevant times, the Court finds that petitioner's Sixth Amendment ineffective assistance of counsel argument was "fairly presented" to the highest state court. See Picard v. Connor, 404 U.S. 270, 275 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996). In his petition for review to the California Supreme Court, petitioner stated that "counsel failed to even act as a diligent advocate in not attempting to file any motions to suppress evidence or to tell defendant that such motions could be made at a preliminary hearing. Counsel failed to attack any evidence." Resp't. Mot., Exh. 1 at 0010 (Petition for Review, California Supreme Court, June 30, 1997). The Court finds that this statement, construed broadly, incorporates petitioner's allegations regarding trial counsel's failure to investigate or object to the admissibility of petitioner's statements to the government following his request to see his lawyer.

//

United States District Court
For the Northern District of California

Accordingly, the Court holds that this allegation was properly exhausted in state court.[1] Thus respondent's motion to dismiss is DENIED.

The Court further urges the parties to resolve any outstanding discovery disputes in a professional manner. To that end, the Court hereby DISMISSES without prejudice respondent's motion for discovery. Respondent shall file a response to the petition no later than March 31, 2006. Petitioner shall file a traverse no later than May 1, 2006, upon which time the matter will be submitted. The oral argument set for January 27, 2006, is hereby vacated.

**IT IS SO ORDERED.**

Dated: January 23, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] Respondent concedes that petitioner properly exhausted all other allegations of ineffective assistance of counsel. Because the Court finds that all of petitioner's allegations of ineffective assistance of counsel were properly exhausted, it need not address whether each separate allegation under one constitutional claim must be exhausted.