IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS D. WILSON,<br><br>    Petitioner,<br><br>  v.<br><br>JOSEPH MCGRATH,<br><br>    Respondent.                             / | No. C 99-02868 CRB<br><br>**ORDER** |

Now before the Court is Petitioner's notice of appeal of this Court's order denying his petition for writ of habeas corpus. Upon the denial of a habeas petition filed pursuant to 28 U.S.C. § 2254, a prisoner must file a request for issuance of a certificate of appealability ("COA"). Here, this Court construes Petitioner's notice of appeal as a request for a COA. See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).

A judge shall grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard, see id. § 2253(c)(3), and the court of appeals is limited to considering only those claims. See Hiivala v. Wood, 195 F.3d 1098, 1103 (9th Cir. 1999); Fuller v. Roe, 182 F.3d 699, 702-03 (9th Cir. 1999).

"Where a district court has rejected constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that

1  reasonable jurists would find the district court's assessment of the constitutional claims
2  debatable or wrong." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000).

3      Section 2253(c)(2) codified the standard announced by the United States Supreme
4  Court in Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983). In Barefoot, the Court explained
5  that "a substantial showing of the denial of [a] federal right" means that a petitioner "must
6  demonstrate that the issues are debatable among jurists of reason; that a court could resolve
7  the issues [in a different manner], or that the questions are adequate to deserve
8  encouragement to proceed further." Id. at 893 n.4 (citations and internal quotations omitted;
9  emphasis in original).

10     Here, the Court concludes that Petitioner has made a "substantial showing" of denial
11 of a constitutional right with respect to the following claims of ineffective assitance of
12 counsel: (1) that his attorney failed to interview alibi witnesses; (2) that his attorney failed to
13 file a motion to suppress evidence obtained during the probationary search of his apartment;
14 (3) that his attorney failed to file a motion to suppress statements that he made to
15 interrogators after he had allegedly requested an attorney's assistance; (4) that his attorney
16 failed to advise him of the rights he waived as a result of pleading guilty and coerced him
17 into pleading guilty. As to any other claims that may have been raised by his habeas petition,
18 the Court concludes that Petitioner has not made a "substantial showing," for any other
19 aspects of his attorney's purported ineffective assistance (or any other alleged constitutional
20 violations) were not described with sufficient detail to establish either deficient performance
21 or prejudice. See James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations
22 which are not supported by a statement of specific facts do not warrant habeas relief.").

23     **IT IS SO ORDERED.**

26 Dated: February 5, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE